**19MAG 7088**

ORIGINAL

Approved: _____
PETER J. DAVIS
Assistant United States Attorney

Before:  THE HONORABLE ONA T. WANG
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - v. -

MARLENE TINEO,
ALEJANDRO PAULINO, and
RAYSETTE MERCEDES,

                    Defendant.

- - - - - - - - - - - - - - - - - - - X

SEALED COMPLAINT

Violations of
18 U.S.C. §§
1349, 1344, 1028A,
and 2

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

JACLYN R. HART, being duly sworn, deposes and says that she is a Postal Inspector with the United States Postal Inspection Service ("USPIS"), and charges as follows:

COUNT ONE
(Conspiracy to Commit Bank Fraud)

1. From at least in or about December 2017 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MARLENE TINEO, ALEJANDRO PAULINO, and RAYSETTE MERCEDES, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

2. It was a part and object of the conspiracy that MARLENE TINEO, ALEJANDRO PAULINO, and RAYSETTE MERCEDES, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to

obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Bank Fraud)

3. From at least in or about December 2017 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MARLENE TINEO, ALEJANDRO PAULINO, and RAYSETTE MERCEDES, the defendants, willfully and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TINEO, PAULINO, and MERCEDES deposited falsely endorsed checks into bank accounts at a financial institution, and then withdrew funds to which they were not entitled.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE
(Aggravated Identity Theft)

4. From at least in or about December 2017 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MARLENE TINEO, ALEJANDRO PAULINO, and RAYSETTE MERCEDES, the defendants, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, TINEO, PAULINO, and MERCEDES, used the names and purported signatures of multiple individuals for the purpose of furthering fraudulent deposits and withdrawals though bank accounts that were created in these persons' names, during and relation to the conspiracy to commit bank fraud and bank fraud charged in Counts One and Two of this Complaint.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

5. I am a United States Postal Inspector. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, my conversations with other law enforcement officials, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Overview of the Scheme

6. Based on my conversations with a bank inspector, and my review of bank records, I have learned, in substance and in part, that in or about 2017 and 2018, a financial institution (the "Bank") identified a pattern of suspicious activity in multiple accounts. Specifically, I have learned that the scheme began when Treasury checks (including tax refund and Social Security checks) were stolen before reaching their intended recipient. The perpetrators then opened fraudulent accounts (the "Fake Accounts") at the Bank in the names of the intended recipients of the stolen Treasury checks. The Fake Accounts were opened with apparently fraudulent Dominican Republic identification documents (such as, passports, consular cards, and drivers' licenses). The perpetrators then deposited the stolen checks into the Fake Accounts and made cash withdrawals to access the stolen funds.

### Account-1

7. Based on my review of Bank records, I have learned the following, in substance and in part:

a. On or about March 2, 2018, the United States Treasury issued a tax refund check ("Check-1") in the amount of $6,860 payable to an individual ("Victim-1").

b. On or about April 6, 2018, an individual purporting to be Victim-1 opened a checking account at the Bank in Victim-1's name ("Account-1"). That same day, an individual deposited $40 in cash into Account-1 at an automated teller machine ("ATM").

3

c. On or about April 6, 2018, an individual opened an online account profile ("Profile-1") to monitor Account-1. On April 10, 2018, an Internet Protocol address ("IP Address-1") accessed Profile-1.

d. On or about April 12, 2018, an individual deposited Check-1 into Account-1 at a Bank ATM located in New York, New York. Cameras installed at the Bank ATM captured images of the person who deposited Check-1 into Account-1 on April 12, 2018.

e. Between on or about April 12, 2018 and on or about April 19, 2018, separate $1,000 cash withdrawals were made from Account-1 at Bank ATMs. On April 20, 2018, an $860 cash withdrawal was made from Account-1, which brought Account-1's balance to $0. On or about May 4, 2018 Account-1 closed with no further activity.

8. Based on my comparison of the individual captured on Bank ATM surveillance photos, and photographs of MARLENE TINEO, the defendant, from the Department of Motor Vehicles and social media websites, I believe that TINEO is the individual depicted in the ATM surveillance photos depositing Check-1 into Account-1.

9. Based on my review of records from a telecommunications company, I have learned that from on or about February 7, 2018 to June 19, 2018, IP Address-1 was subscribed to "marlene y tineo matos." I have also learned that from June 19, 2018 to July 25, 2018 a second IP address ("IP Address-2") was subscribed to "marlene y tineo matos."

## Account-2

10. Based on my review of Bank records, I have learned the following, in substance and in part:

a. On or about March 1, 2018, the United States Treasury issued a tax refund check ("Check-2") in the amount of $5,341 payable to an individual ("Victim-2").

b. On or about April 10, 2018, an individual purporting to be Victim-2 opened a checking account at the Bank in Victim-2's name ("Account-2"). That same day, an individual deposited $40 into Account-2.

c. On or about April 10, 2018, an individual opened an online account profile ("Profile-2") to monitor Account-1. On or about April 11, 2018, IP Address-1 accessed Profile-2.

4

d. On or about April 17, 2018, an individual deposited Check-2 into Account-2 at a Bank branch located in New York, New York. Cameras installed at the Bank captured images of the person who deposited Check-2 into Account-2 on April 17, 2018.

e. From on or about April 12, 2018, to on or about June 29, 2018, the United States Treasury issued six checks ("Check-3," "Check-4", "Check-5", "Check-6," and "Check-7", and "Check-8") payable to six individuals ("Victim-3," "Victim-4", "Victim-5", "Victim-6," "Victim-7", and "Victim-8") totaling approximately $10,880.18.

11. From on or about May 7, 2018, to on or about June 4, 2018, Bank surveillance captured images of an individual depositing Check-3, Check-4, Check-5, Check-6, and Check-7 into Account-2. Based on my comparison of the individual captured on surveillance photos, and photographs of MARLENE TINEO, the defendant, from the Department of Motor Vehicles and social media websites, it appears that TINEO is the individual depicted in the ATM surveillance photos depositing Check-2, Check-3, Check-4, Check-5, Check-6, and Check-7 into Account-2.

f. From on or about April 28, 2018 to on or about July 6, 2018, the funds in Account-2 were depleted through multiple cash withdrawals.

g. On or about July 10, 2018, Check-4 was returned and charged against Account-2. Besides the imposition of a $12.00 fee, there was no further activity on Account-2.

h. On or about August 27, 2018, Account-2 closed with a negative balance of $983.32.

Account-3

12. Based on my review of Bank records I have learned the following, in substance and in part:

a. On or about February 26, 2018, the United States Treasury issued a tax refund check ("Check-9") in the amount of $5,026.35 payable to an individual ("Victim-9").

b. On or about March 7, 2018, an individual purporting to be Victim-9 opened a checking account at the Bank

in Victim-9's name ("Account-3").[1]  That same day, an individual deposited $40 in cash into Account-3 by using an ATM in New York, New York.

  c. On or about March 26, 2018, an individual deposited Check-9 into Account-3 at a Bank ATM.

  d. On or about April 18, 19, and 20, 2018, Bank surveillance captured images of an individual making cash withdraws from Account-3 at a Bank ATM.  Based on my comparison of the individual captured on Bank surveillance photos, and photographs of MARLENE TINEO, the defendant, from the Department of Motor Vehicles and social media websites, it appears that TINEO is the individual depicted in the ATM surveillance photos.

  e. Between on or about April 2, 2018 and on or about May 14, 2018, six additional U.S. Treasury tax refund checks addressed to six additional victims were deposited into Account-3.

  f. On or about May 17, 2018, Check-9 was returned and charged against Account-3 for the reason of "forgery."

  g. On or about June 19, 2018, another check was returned and charged against Account-3.

  h. On or about July 3, 2018, Account-3 closed with a negative balance of $6,070.71.

### Account-4

13. Based on my review of Bank records, I have learned the following, in substance and in part:

  a. On or about June 29, 2018, the United States Treasury issued a tax refund check ("Check-10") in the amount of $9,622 payable to an individual ("Victim-10").

  b. On or about August 30, 2018, an individual purporting to be Victim-10 opened a checking account at the Bank in Victim-10's name ("Account-4").  That same day, an individual deposited $30 in cash into Account-4 by using an ATM in Manhattan, New York.  Cameras installed at the Bank ATM captured images of the individual who made the deposit into Account-4 on August 30, 2018.

---

[1] The individual who opened Account-3 appears to have deliberately misspelled Victim-9's name when opening the Account.  Accordingly, the name on Account-3 is one letter off from Victim-9's name.

14.  Based on my comparison of the individual captured on ATM surveillance photos, and photographs of ALEJANDRO PAULINO, the defendant, from, among other sources, the Department of Motor Vehicles and social media websites, it appears that PAULINO is the individual depicted in the surveillance photos.

15.  Based on my review of Bank records, I have learned that, on or about September 20, 2018, Bank surveillance captured images of an individual depositing Check-10 into Account-4.

16.  Based on my comparison of the individual captured on ATM surveillance photos, and photographs of RAYSETTE MERCEDES, the defendant, from, among other sources, the Department of Motor Vehicles, it appears that MERCEDES is the individual depicted in the surveillance photos depositing Check-10.

17.  Based on my review of Bank records, I have learned that the funds in Account-4 were depleted between September 21, 2018 and September 27, 2018 with multiple cash withdrawals.  Cameras installed at the Bank ATM captured images of an individual who, for the reasons set forth above, I have identified as ALEJANDRO PAULINO, the defendant, making many of the withdrawals from Account-4.

<u>Account-5</u>

18.  Based on my review of Bank records, I have learned the following, in substance and in part:

   a.  On or about April 27, 2018, the United States Treasury issued a tax refund check ("Check-11") in the amount of $10,555 payable to two individuals (collectively, "Victim-11").

   b.  On or about June 20, 2018, an individual purporting to be Victim-11 opened a checking account at the Bank in Victim-11's name ("Account-5").  That same day surveillance video captured an individual, who for the reasons set forth above, I have identified as ALEJANDRO PAULINO, the defendant, depositing $25 in cash into Account-5 at a Bank location in New York, New York.  On or about July 7, 2018, surveillance video captured a second individual, who, for the reasons set forth above, I have identified as RAYSETTE MERCEDES, the defendant, enter a Bank location and add an accountholder to Account-5.

    c. On July 9, 2018, Check-11 was deposited into Account-5.

    d. Between July 10, 2018 and July 16, 2018, Account-5 was depleted by cash withdrawals. Bank surveillance video captured images of individuals, who for the reasons set forth above, I have identified as PAULINO and MERCEDES, making at least one withdrawal from Account-5.

    e. Account-5 closed with a zero balance.

### Account-6

   19. Based on my review of Bank records, I have learned the following, in substance and in part:

    a. On or about April 6, 2018, the United States Treasury issued a tax refund check ("Check-12") in the amount of $4,737 payable to an individual ("Victim-12").

    b. On or about May 24, 2018, an individual purporting to be Victim-12 opened a Bank account in Victim-12's name ("Account-6"). That same day, surveillance captured images of an individual who, for the reasons set forth above, I have identified as RAYSETTE MERCEDES, the defendant, depositing $25 into Account-6 at a Bank location in the Bronx, New York. One of the email addresses associated with the account had MERCEDES's name as part of the email address ("Email Address-1").

    c. On or about May 31, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MERCEDES, depositing Check-12 into Account-6.

    d. On or about June 1, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MERCEDES, withdrawing approximately $4,700 from Account-6.

    e. On or about June 8, 2018, Account-6 closed with a $0 balance.

### Account-7

   20. Based on my review of Bank records, I have learned the following, in substance and in part:

a. On or about April 20, 2018, the United States Treasury issued a tax refund check ("Check-13") in the amount of $7,338 payable to an individual ("Victim-13").

b. On or about May 31, 2018, an individual purporting to be Victim-13 opened a Bank account in Victim-13's name ("Account-7"). That same day, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MERCEDES, depositing $25 into Account-7 at a Bank location in the Bronx, New York.

c. On or about June 6, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MERCEDES, depositing Check-13 into Account-7.

d. On or about June 7, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MERCEDES, withdrawing approximately $5,000 from Account-7.

e. On or about June 25, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MARLENE TINEO, the defendant, withdrawing approximately $220 from Account-7.

f. Additionally, Bank records show that IP Address-1 accessed Account-7.

Account-8

21. Based on my review of Bank records, I have learned the following, in substance and in part:

a. On or about April 20, 2018, the United States Treasury issued a tax refund check ("Check-14") in the amount of $5,254 payable to an individual ("Victim-14").

b. On or about May 31, 2018, an individual purporting to be Victim-14 and opened a Bank account in Victim-14's name ("Account-8"). That same day, surveillance captured images of an individual who, for the reasons set forth above, I have identified as ALEJANDRO PAULINO, the defendant, depositing $25 into Account-8 at a Bank location in the Bronx, New York.

c. On or about June 6, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as RAYSETTE MERCEDES, the defendant, depositing Check-14 into Account-8.

9

    d. On or about June 7, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as PAULINO, withdrawing approximately $5,000 from Account-8.

    e. On or about June 25, 2018, surveillance captured images of an individual who, for the reasons set forth above, I have identified as MARLENE TINEO, the defendant, withdrawing approximately $260 from Account-8.

    f. On or about July 26, 2018, the Bank returned Check-14 to Account-8 resulting in a balance of approximately negative $4,235 for Account-8.

    g. Additionally, Bank records show that IP Address-1 accessed Account-8.

### The Conspiracy

    22. Based on my review of Bank records, including surveillance images, I have learned, in sum and substance, the following:

    a. MARLENE TINEO, the defendant, deposited approximately seventy Treasury checks payable to approximately forty victims valued at approximately $200,000 into Bank accounts between on or about April 2018 to on or about September 2018. In total, TINEO is believed to have accessed Bank accounts that held approximately $400,000 in Treasury checks.

    b. ALEJANDRO PAULINO, the defendant, is believed to have accessed Bank accounts that held approximately $160,000 in Treasury checks.

    c. RAYSETTE MERCEDES, the defendant, is believed to have accessed Bank accounts that held approximately $262,000 in Treasury checks. Additionally, on at least four Bank accounts, Email Address-1 is listed as a contact email for the Bank accounts.

    23. From my review of publicly available materials, as well as my training and experience as a United States Postal Inspector, I know that, at all relevant times, the deposits of the Bank were insured by the Federal Deposit Insurance Corporation.

    WHEREFORE, the deponent respectfully requests that warrants be issued for the arrests of MARLENE TINEO, ALEJANDRO

PAULINO, and RAYSETTE MERCEDES, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

_____
JACLYN HART
Postal Inspector
United States Postal Inspection Service

Sworn to before me this
30th day of July, 2019

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

11